UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DWANVAE PEARSON,

    Plaintiff

v.

TASHEENA COOKE, et al.,

    Defendants

Case No.: 3:22-cv-00009-ART-CSD

**Order**

    Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action under 42 U.S.C. § 1983 for conduct that occurred while he was housed at Ely State Prison (ESP). (ECF No. 1-1.) The court screened Plaintiff's complaint and allowed him to proceed with Eighth Amendment conditions of confinement claims based on inadequate ventilation and the denial of exercise against defendants Cooke, Drummond, Wreubart, and Daniels. (ECF No. 5.) Plaintiff apparently moved to a different facility, and on May 12, 2022, the court ordered Plaintiff to update his address by June 13, 2022, and then on July 15, 2022, the court again ordered Plaintiff to update his address within 30 days. (ECF Nos. 9, 10.) Plaintiff filed a notice of change of address on August 22, 2022, indicating his new address at Southern Desert Correctional Center (SDCC). (ECF No. 12.)

    The action was then stayed for 90 days to allow the parties to participate in the court's Inmate Early Mediation Program. (ECF No. 13.) The mediation was set for December 20, 2022, at 8:30 a.m. via videoconference. (ECF No. 15.) There is a minute order dated December 7, 2022, that indicates Plaintiff was no longer incarcerated, and directed Plaintiff to contact the

courtroom administrator to discuss the logistics of attending the mediation no later than December 15, 2022. (ECF No. 17.) That order was returned as undeliverable. (ECF No. 18.) Plaintiff did not contact the courtroom administrator, and he has not filed a notice of change of address. Plaintiff failed to appear for the mediation. (ECF No. 19.)

A party must immediately file with the court written notification of any change of contact information, and failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. LR IA 3-1.

The court has the power to sua sponte dismiss an action for the failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (citation omitted).

Plaintiff has **21 days** from the date of this Order to file and serve a notice of intent to prosecute this action as well as a notice of change of address. If Plaintiff does not comply with this order, the court will issue a recommendation that this action be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: December 20, 2022

_____
Craig S. Denney
United States Magistrate Judge