# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DWANVAE PEARSON,<br><br>    Plaintiff<br><br>v.<br><br>TASHEENA COOKE, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00009-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to file updated contact information with the court or to otherwise indicate an intent to prosecute this action.

## I. BACKGROUND

Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action under 42 U.S.C. § 1983 for conduct that occurred while he was housed at Ely State Prison (ESP). (ECF No. 1-1.) The court screened Plaintiff's complaint and allowed him to proceed with Eighth Amendment conditions of confinement claims based on inadequate ventilation and the denial of exercise against defendants Cooke, Drummond, Wreubart, and Daniels. (ECF No. 5.) Plaintiff apparently moved to a different facility, and on May 12, 2022, the court ordered Plaintiff to update his address by June 13, 2022, and then on July 15, 2022, the court again ordered Plaintiff to update his address within 30 days. (ECF Nos.

9, 10.) Plaintiff filed a notice of change of address on August 22, 2022, indicating his new address at Southern Desert Correctional Center (SDCC). (ECF No. 12.)

The action was then stayed for 90 days to allow the parties to participate in the court's Inmate Early Mediation Program. (ECF No. 13.) The mediation was set for December 20, 2022, at 8:30 a.m. via videoconference. (ECF No. 15.) There is a minute order dated December 7, 2022, that indicates Plaintiff was no longer incarcerated, and directed Plaintiff to contact the courtroom administrator to discuss the logistics of attending the mediation no later than December 15, 2022. (ECF No. 17.) That order was returned as undeliverable. (ECF No. 18.) Plaintiff did not contact the courtroom administrator, and he did not file a notice of change of address. Plaintiff failed to appear for the mediation. (ECF No. 19.)

On December 20, 2022, the court issued an order giving Plaintiff 21 days, until January 10, 2023, to file a notice of intent to prosecute this action as well as a notice of change of address. Plaintiff was cautioned that a failure to comply with the court would result in a recommendation that this action be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff failed to file a notice by the deadline.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Local Rule IA 3-1 also provides that a failure to comply with the requirement to immediately file with the court written notification of any change of address may result in dismissal of the action.

Plaintiff has not filed an updated address. Nor has he indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court or provide an updated address, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) and Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 11, 2023

_____
Craig S. Denney
United States Magistrate Judge